IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ERIC JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   NO. CIV-20-0056-JH |
| | ) |
| WELLS FARGO BANK, N.A., | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

Plaintiff Eric Jackson filed this case in state court against defendant Wells Fargo Bank, N.A. The petition alleged that defendant violated the Real Estate Settlement Procedures Act ("RESPA") by failing to respond to his written notice of error based on the bank's failure to comply with an asserted loan modification agreement. The petition asserted that this failure to follow RESPA also constituted a breach of contract. Plaintiff also alleges that defendant committed fraud by concealing information from the U.S. Department of Housing and Urban Development and the Federal Housing Administration in 2013 and 2014.

Defendant removed the case to this court and has now moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). In addition to relying on the allegations in the petition, defendant references and relies on the mortgage documents, which are central to plaintiff's claims and the contents of which are not disputed. It also relies on determinations made in a prior state foreclosure case arising out of the same circumstances. Plaintiff does not challenge the nature or results of the prior state case. The motion is fully briefed and at issue.

To survive a motion to dismiss under Rule 12(b)(6), the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, dismissal under Rule 12(b)(6) is only appropriate "if the complaint alone is legally insufficient." Brokers' Choice of America, Inc. v. NBC Universal, Inc., 861 F.3d 1081, 1104-05 (10th Cir. 2017) (citation omitted).

Applying these standards, the court concludes defendant's motion should be granted.

Defendant argues that plaintiff's RESPA claim is barred by the applicable statute of limitations. If the allegations of the complaint "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." Jones v. Bock, 549 U.S. 199, 215 (2007).

Under 12 U.S.C. § 2614, an action must be brought "within 3 years in the case of a violation of section 2605." Section 2605 sets forth specific actions that loan service providers must undertake in response to a qualified written request from the borrower. 12 U.S.C. § 2605(e). Failure to comply with those requirements permits borrowers to bring an action for damages. Here, the petition alleges a single written communication sent to defendant, in August of 2014, to inform defendant of the failure to reinstate plaintiff's mortgage. Doc. 2-1, p. 3. No other subsequent written communications are alleged. Defendant resumed litigation against plaintiff regarding the underlying mortgage in

November, 2015, resumed foreclosure activities in February, 2016, and obtained a foreclosure judgment in 2018. *Id.*

Plaintiff argues that defendant's conduct after receiving the written communication amounts to a continuing violation of § 2605, stretching the "error" from 2014 to 2017 and hence within the statutory period. The court concludes the allegations and RESPA's plain language do not support plaintiff's continuing violation theory. Section 2614 requires that an action must be brought "within 3 years . . . of a violation of section 2605." The violation alleged by plaintiff is the failure of defendant to acknowledge receipt of the qualified written request with five days and to take appropriate action in response to the written request within thirty days. *See* § 2605(e). Acceptance of plaintiff's continuing violation theory – essentially that defendant's continued failure to respond constituted a continuing violation — would, in substance, eliminate the statute of limitations. In any event, the court concludes plaintiff's purported RESPA claim is barred by the statute of limitations.

The breach of contract claim also fails. Plaintiff's argument appears to be that the claimed RESPA violation is also a breach of contract between the parties, on the basis that RESPA's standards are incorporated into the mortgage agreement. Doc. #2-1, p. 4. of contract. Plaintiff describes his argument this way:

> The contract clearly mentions the RESPA as cited by the Defendant. Additionally, there is no dispute that the Defendant, as Mr. Jackson's mortgage servicer has a duty to follow the RESPA. The duty to follow the RESPA arises directly out of the mortgage agreement and the servicer and borrower relationship created thereby.

Doc. #13, p. 5-6.  However, plaintiff points to nothing in the mortgage which would suggest that all provisions of RESPA are incorporated into it.  Rather, the mortgage refers to RESPA standards only as to how the escrow account must be managed.  It does not include language incorporating the RESPA provisions upon which plaintiff purports to rely, relating to responses to qualified written requests. As a result, the asserted breach of contract claim, based on the alleged RESPA violation, fails to state a claim upon which relief can be granted.[1]

Finally, the court concludes plaintiff's fraud claim fails is barred by the applicable statute of limitations.  In Oklahoma, a claim for fraud must be brought within two years from discovery of the fraud.  12 Okla. Stat. § 95(A)(3).  Here, plaintiff alleges defendant knowingly and intentionally concealed facts from HUD and the FHA in 2013 and 2014 regarding plaintiff's potential loan modification.  He alleges it concealed its receipt of the loan modification documents in 2014 and that it misrepresented to plaintiff that he qualified for a loan modification.  However, these circumstances were plainly known by plaintiff, or discoverable by him, when he wrote to defendant in 2014 to inform defendant of its alleged error in failing to implement to terms of the loan modification.  Further, the proceedings in the prior state foreclosure proceeding, of which the court takes judicial notice, make it clear

---

[1] *Plaintiff filed a "First Amended Response to the Defendant's Motion to Dismiss" without leave of court.  Leave should have been obtained, as Fed.R.Civ.P. 15(a)(1), upon which plaintiff relies, applies only to pleadings and a response brief is not a pleading.  However, consideration of the amended response would not change the court's conclusion.  The arguments apparently added, including a claim that the mortgage was a contract of adhesion or was ambiguous, are precluded by principles of res judicata in light of the prior foreclosure proceedings.*

4

plaintiff knew of these disputed facts or issues more than two years prior to the filing of this case.

For the reasons stated above, defendant's Motion to Dismiss is **GRANTED** and this case is **DISMISSED**.  Further, the court concludes leave to amend should be denied and that the dismissal should be with prejudice.  In some circumstances, additional facts might be pled which would avoid, at the motion to dismiss stage, the bar of a statute of limitations.  However, plaintiffs claims here are all, in substance, an effort to revisit issues which were, or could have been, raised in the state foreclosure proceedings.  Principles of claim and issue preclusion, and potentially other doctrines, preclude that effort.

**IT IS SO ORDERED**.

Dated this 15th day of April, 2020.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE